**WO**                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dominic Medina, | No.   CV-24-00097-PHX-MTL (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| Director of Prisons Thornell, et al., | |
| Defendants. | |

     Self-represented Plaintiff Dominic Medina was confined in the Arizona State Prison Complex-Lewis when he filed this action. He is now confined in a Maricopa County Jail. Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and paid the filing and administrative fees. The Court will order Defendant Thornell to answer a portion of the Complaint in his official capacity, order Defendants Ramos and Pomerants to answer a portion of the Complaint in their individual capacities, and dismiss without prejudice Defendant Girke and the individual capacity claim against Defendant Thornell.

**I.     Statutory Screening of Prisoner Complaints**

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.   Complaint**

In his one-count Complaint, Plaintiff names as Defendants Arizona Department of Corrections, Rehabilitation & Reentry ("ADC") Director Thornell; Deputy Warden Girke; Disciplinary Coordinator Ramos; and Disciplinary Hearing Officer Pomerants. He seeks a declaration that Defendants violated his constitutional rights when assessing a fine for a disciplinary violation, injunctive relief to prevent future assessments of fines for disciplinary infractions without due process and a determination of a prisoner's economic situation, monetary damages, pre- and post-judgment interest, and his filing fees.

Plaintiff alleges he was charged with possession of a communication device after a corrections officer found two telephone SIM cards in his cell. (Doc. 1 at 6.) After a disciplinary hearing, Plaintiff received several sanctions, including a $2,000 fine. (*Id*. at 8.) He states that he is only challenging the fine and is not trying to overturn the disciplinary conviction. (*Id*. at 5.) Plaintiff's allegations are far from clear, but he appears to raise claims regarding due process and excessive fines.

Plaintiff contends Defendant Thornell has created and implemented an "unlawful fine system with[]out due process," which has resulted in an "excessive monetary punishment." (*Id*. at 12.) He alleges that although ADC's Departmental Order 803 refers to a $2,000 fine,[1] "no Policy or [Arizona] statute . . . permits [ADC] staff to give out a fine" and the fine he received "does not conform with any policy []or Arizona Revised Statute." (*Id*. at 8, 10.) Specifically, he asserts Arizona Revised Statutes section 31-201.01(M) does not authorize deductions of money from an inmate's spendable account for disciplinary fines for possession of a communication device. (*Id*. at 10.) He also claims the imposition of a fine "removes all of [his] due process protections" and allows Defendants to impose a fine based on a preponderance of the evidence/more probably true than not true standard. (*Id*. at 11.)

Plaintiff alleges Defendant Ramos did not provide him with "any information about the penalties" for possessing the SIM cards and erred in not explaining the "secret policy" regarding communication devices. (*Id*. at 7-8.) He claims Defendant Ramos "could have dismissed the ticket" but forwarded the disciplinary report to Defendant Pomerants, who found Plaintiff guilty using a preponderance of the evidence standard. (*Id*.) Plaintiff contends neither Defendant Ramos nor Defendant Pomerants notified him about the possibility of a fine before or after the hearing, and he "never had time to prepare for a fine

---

[1] Attachment B to Department Order 803 provides for monetary fines of $500 (first offense), $1000 (second offense), and $2000 (third offense) for certain assaults on staff (02A and 03B violations), arson (05A violations), possession of a communication device (16A violations), and tampering with or manipulating a door or locking device that would allow unauthorized access (19A violations). *See* https://corrections.az.gov/sites/default/files/documents/policies/800/0803.pdf [https://perma.cc/74JD-WGKS].

sanction." (*Id*. at 9.)

Plaintiff alleges Defendants Ramos and Pomerants violated due process when they applied a preponderance of the evidence standard when sanctioning Plaintiff with an "excessive" fine. (*Id*. at 13.) He contends the fine is a "punitive payment beyond the legislat[ure]'s intent," is not rehabilitative, and "serves no real penological justification" because there was no victim or damages. (*Id*. at 13-14.) Plaintiff asserts there was no "fine hearing," unlike when restitution is assessed, and no determination regarding his economic situation and ability to pay the fine. (*Id*. at 14-15.)

Plaintiff asserts the "policy and practice of sanctioning such a fine is an abuse of [D]efendant[s] Ramos and Pomerant[s'] power to punish" without a "due process examination into [P]laintiff's income, finan[c]ial resources, earning capacity, [and] the burden that the fine will impose upon Plaintiff and his depend[e]nts." (*Id*. at 13.) Plaintiff claims Defendant Thornell "knowingly uphold[]s and allow[]s his employee[]s to issue an excessive fine" for possession of a communication device and this has caused Plaintiff an "undue hardship." (*Id*. at 14.) He alleges Defendant Girke is liable for allowing Defendants Ramos and Pomerants to violate Plaintiff's right to be free from excessive fines and for denying Plaintiff's disciplinary appeal. (*Id*. at 14-15.) Plaintiff contends that "out of all the disciplinary tickets" in Department Order 803, only possession of a communication device "imposes such undue hardship with no restitution[-]type due process" and permits a deduction of "all funds" in an inmate's account, rather than the 20% deduction for restitution. (*Id*. at 14.) He also asserts more severe infractions, such as murder, do not include a $2,000 fine. (*Id*.)

### III.   Discussion

Although self-represented pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

A suit against a defendant in his or her *individual* capacity seeks to impose personal liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). By comparison, a suit against a defendant in his or her *official* capacity represents only another way of pleading an action against the entity that employs the defendant. *Kentucky v. Graham*, 473 U.S. at 165. That is, the real party in interest is not the named defendant, but the entity that employs the defendant. *Id.* To bring a claim against an individual in his official capacity, a plaintiff must show that the constitutional deprivation resulted from the entity's policy, custom, or practice. *Id.*; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

### A.   Official Capacity Claims

Although Plaintiff only sued Defendants in their individual capacities, portions of his claim relate to an ADC policy. Thus, the Court will consider whether he has stated an official capacity claim against Defendant Thornell.[2]

#### 1.   Damages

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).

Plaintiff cannot maintain a lawsuit for damages against Defendant Thornell in his official capacity. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A] state is not a 'person' for

---

[2] Because an official capacity claim is "only another way of pleading an action against an entity of which an officer in an agent," *Monell*, 436 U.S. at 590, n.55, official capacity claims against the other Defendants, all of whom are ADC employees, would be duplicative.

purposes of section 1983.  Likewise[,] 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983.") (citation omitted).

### 2.     Declaratory and Injunctive Relief

Plaintiff may maintain a lawsuit against ADC employees in their official capacity for *prospective* (forward-looking) declaratory and injunctive relief.  *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012).  The exception is intended to prevent continuing violations of federal law and "does not permit judgments against state officers declaring that they violated federal law in the past."  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *see also Hindes v. FDIC*, 137 F.3d 148, 166 (3d Cir. 1998) ("The type of prospective relief permitted . . . is relief intended to prevent a continuing violation of federal law.").

Plaintiff seeks a declaration that the policy regarding the assessment of fines violated his rights regarding due process and excessive fines.  Plaintiff cannot maintain a lawsuit against Defendant Thornell in his official capacity seeking this relief because it is retrospective (backward-looking), rather than prospective, declaratory relief.

Plaintiff seeks injunctive relief to preclude future violations of his rights.  He can maintain a lawsuit against Defendant Thornell in his official capacity seeking this relief. Liberally construed, Plaintiff has stated a due process claim against Defendant Thornell regarding a policy of assessing a fine without authority under state law.  Plaintiff has also stated an Eighth Amendment excessive fine claim against Defendant Thornell regarding a policy of assessing a fine for possession of a communications device.  *See United States v. Bajakajian*, 524 U.S. 321, 324 (1998) (a fine violates the Eighth Amendment if it is "grossly disproportional to the gravity of the offense").  The Court will require Defendant Thornell, in his official capacity, to answer these portions of the Complaint.

### B.     Individual Capacity Claims

A prisoner's "interest in the funds in his prison account is a protected property interest."  *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) (quoting *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985)).  "Once a protected interest is found, the court must

then decide what process is due." *Quick*, 754 F.2d at 1523. "The Supreme Court 'usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property.'" *Shinault*, 782 F.3d at 1058 (*quoting Zinermon v. Burch*, 494 U.S. 113, 127 (1990)).

### 1. Defendants Ramos and Pomerants

Liberally construed, Plaintiff has stated a due process claim against Defendants Ramos and Pomerants regarding their failure to provide notice that one of the sanctions for his alleged violation was a fine. The Court will require Defendants Ramos and Pomerants to answer this portion of the Complaint.

To the extent Plaintiff alleges he was denied due process because either the finding of guilt or the fine could be assessed based on a preponderance of the evidence standard, he has failed to state a claim. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Due process requires there be "some evidence" to support the prison officials' decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion." *Id.* at 455-56 (emphasis added). Thus, the Court will dismiss this portion of the Complaint.

### 2. Defendants Thornell and Girke

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell*, 436 U.S. 658; *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### a. Defendant Thornell

Plaintiff's allegations fail to plausibly show that Defendant Thornell was personally involved in the deprivation of his civil rights. Rather, Plaintiff's claim stems from the policy Defendant Thornell created or implemented. Thus, the Court will dismiss without prejudice the individual capacity claim against Defendant Thornell.

### b. Defendant Girke

Plaintiff's allegations are insufficient to suggest Defendant Grike was involved in an alleged deprivation of Plaintiff's rights. At most, Plaintiff asserts Defendant Girke denied his disciplinary appeal. Generally, whether a defendant's denial of administrative grievances is sufficient to state a claim depends on several facts, including whether the alleged constitutional violation was ongoing, *see e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010), and whether the defendant who responded to the grievance had authority to take action to remedy the alleged violation, *see Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009). Plaintiff's allegations do not support a conclusion that Defendant Girke had the authority to waive, eliminate, or modify the fine set in the Departmental Order 803. Thus, the Court will dismiss without prejudice Defendant Girke.

## IV. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendant Girke and the individual capacity claim against Defendant Thornell are **dismissed** without prejudice.

(2) If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(3) Defendant Thornell, in his official capacity only, must answer the due process and excessive fines claims regarding ADC's policy. Defendants Ramos and Pomerants, in their individual capacities only, must answer the due process claim against them.

(4) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Thornell, Ramos, and Pomerants.

(5) Plaintiff must complete[3] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

---

[3] If a Defendant is an ADC officer or employee, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at ADC's Central Office unless the officer or employee works there.

action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(7) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(9) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) Defendants must answer the relevant portions of the Complaint or otherwise

respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Michael T. Morrissey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 4th day of June, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

TERMPSREF

- 11 -